Hancock, Jr., J.
(concurring). I agree with Judge Simons (concurring opn, part II) that this appeal is properly resolved under Milkovich v Lorain Journal Co. (497 US —, 110 S Ct 2695) without addressing the issue of context. Were a discussion of this issue warranted, however, I would hold that nothing in Milkovich suggests that the Supreme Court has altered its attitude toward the context of and circumstances surrounding written or spoken words as an obvious and ordinarily indispensable consideration in deciding the legal question "of what the average person hearing or reading the [words] would take [them] to mean” (Steinhilber v Alphonse, 68 NY2d 283, 290). On the contrary, the majority’s opinion in Milkovich and its discussion of the "context” cases (see particularly, Greenbelt Publ. Assn. v Bresler, 398 US 6, 13-14; Letter Carriers v Austin, 418 US 264, 284-286; Hustler Mag. v Falwell, 485 US 46, 53-57) as well as Justice Brennan’s dissenting opinion in Milkovich (see particularly, 497 US, at —, 110 S Ct, at 2708-2710) lead me to the conclusion that context continues as a factor of undiminished significance and that the Federal law as summarized in Steinhilber v Alphonse (68 NY2d 283, 289-292, supra) is essentially unchanged (accord, The Supreme Court, 1989 Term — Leading Cases, 104 Harv L Rev 219, 223; see also, concurring opn of Simons, J., at 258-259).
There are cases, in my opinion, where basing a decision on both Federal and State constitutional grounds may be entirely appropriate. For the reasons stated by Judge Simons (concurring opn, at 262-263), however, I am persuaded that this is not such a case. Accordingly, I would affirm solely on the ground that plaintiff has no cause of action under Federal law.
Chief Judge Wachtler and Judges Alexander and Bellacosa concur with Judge Kaye; Judges Simons, Titone and Hancock, Jr., concur in result in separate opinions.
Upon reargument, following remand by the Supreme Court of the United States, order affirmed, with costs.